IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| GREG WILBERGER, as Personal Representative of the Estate of BROOKE WILBERGER, decedent,<br><br>    Plaintiff,<br><br>    v.<br><br>CREATIVE BUILDING MAINTENANCE, INC., a Delaware Corporation,<br><br>    Defendant. | Civ. No. 06-714-AA<br><br>OPINION AND ORDER |

AIKEN, Judge:

    Plaintiff moves for relief from the stay of proceedings issued in this case as a result of defendant's pending bankruptcy proceeding. Plaintiff's motion is granted, as is Liberty International Underwriters Canada's Motion to Intervene.

1    - OPINION AND ORDER

BACKGROUND

On May 16, 2006, plaintiff filed suit against defendant alleging negligence in hiring and supervising an employee who caused the death of his daughter and the decedent, Brooke Wilberger. After defendant failed to file a responsive pleading, plaintiff moved for an order of default pursuant to Federal Rule of Civil Procedure 55(a). Plaintiff subsequently informed the court that a bankruptcy proceeding involving defendant had commenced in the Ontario Superior Court of Justice in Ontario, Canada.

On August 11, 2006, I issued an entry of default against defendant, finding that the automatic stay provision of the United States Bankruptcy Code did not apply under the circumstances.

On October 25, 2006, defendant moved to set aside the order and entry of default and to dismiss plaintiff's claims against it. Additionally, the liability insurer of defendant, Liberty International Underwriters Canada (Liberty), sought to intervene and to stay the case pending the Canadian bankruptcy proceeding.

On December 4, 2006, the court received notice that defendant sought recognition of the Canadian bankruptcy proceeding in the United States Bankruptcy Court for the Western District of New York, and that the New York bankruptcy court had granted provisional relief staying any proceeding that could impair defendant's assets. Pursuant to this notice and order, the court entered a stay in this proceeding on December 12, 2006.

On December 18, 2006, plaintiff filed a motion in the New York bankruptcy court seeking relief from the automatic bankruptcy stay "for the limited purpose of permitting [plaintiff] to continue the present litigation in Oregon in order to recover from [defendant's] liability insurer, [Liberty] and any other carrier that has not yet been identified." Opposition to Plaintiff's Motion Seeking Relief From Stay, Ex. 1, p. 10. Plaintiff also stipulated that recovery of any judgment against defendant would be "limited to satisfaction only from policy coverage provided by [Liberty's] policy." Id., Ex. 1, p. 12.

On January 29, 2007, the New York bankruptcy court granted plaintiff's motion "on condition that the Estate of Brooke Wilberger withdraws its claim in the Canadian insolvency proceeding . . . ." Affidavit of Gerald C. Doblie (Doblie Aff.), Ex. A, p. 1.

On May 23, 2007, plaintiff's counsel advised defendant that plaintiff was willing to withdraw his claim in the Canadian bankruptcy proceeding. Doblie Aff., Ex. B, p. 1.

On June 12, 2007, the Interim Receiver and Trustee in the Canadian bankruptcy proceeding confirmed that plaintiff's claim had been withdrawn and explained that such withdrawal "will effectively relinquish all rights of the Estate of Brooke Wilberger to participate in" any distribution of defendant's assets. Doblie Aff., Ex. C.

On August 2, 2007, plaintiff moved for relief from the stay.

3   - OPINION AND ORDER

## DISCUSSION

In seeking relief from the stay, plaintiff relies on the order issued by the New York bankruptcy court granting plaintiff relief from the automatic stay triggered by defendant's insolvency. In light of this order and plaintiff's withdrawal of his claim against defendant in the bankruptcy proceeding, I agree that the reason for staying this action no longer exists.

Nevertheless, defendant opposes lifting the stay. Defendant asserts that on September 1, 2006, Liberty filed suit against defendant in the Ontario Canada Superior Court of Justice seeking a determination that defendant's insurance policy does not provide coverage for plaintiff's claims against defendant. Defendant maintains that the policy issued to defendant is governed by Canadian law and that this case will be moot if the Canadian court determines that no coverage exists, given plaintiff's stipulation that recovery of any judgment against defendant is limited to the coverage provided by defendant's insurance policy.

However, Liberty's action against defendant, like this one, was stayed as a result of the Canadian bankruptcy proceeding. The stay has not lifted in that case, and it has not proceeded beyond the filing of the action. Even if the relevant insurance policy is governed by Canadian law, defendant does not explain why this court is unable to apply the applicable law and determine whether coverage under the policy exists, particularly when Liberty has

4   - OPINION AND ORDER

moved to intervene. Therefore, plaintiff's motion for relief is granted and the stay is lifted.

Several motions were pending when I stayed the proceedings on December 12, 2006. Specifically, defendant had moved to set aside the default and to dismiss plaintiff's claims for failure to state a claim for which relief may be granted, and Liberty had moved to intervene and to stay the case. None were fully briefed, and I will require supplemental briefing before ruling on defendant's motions to set aside and to dismiss. However, I find the record more than adequate to resolve Liberty's motions to intervene and for stay.

An applicant seeking permissive intervention must show that: "(1) it shares a common question of law or fact with main action; (2) its motion is timely; and (3) the court has an independent basis for jurisdiction over the applicant's claims." Donnelly v. Glickman, 159 F.3d 405, 412 (9th Cir. 1998); see Fed. R. Civ. P. 24(b)(2). Here, Liberty's motion is timely, and its claims involve common questions of law and fact. Further, I find that an independent basis for jurisdiction exists with respect to Liberty's claim that defendant's insurance policy does not provide coverage in this case. Given plaintiff's stated intent to seek compensation under defendant's insurance policy, I find that permissive intervention is appropriate. Therefore, Liberty is granted leave to intervene.

5   - OPINION AND ORDER

Liberty also moved to stay the proceedings pending resolution of defendant's bankruptcy proceeding. I find this motion to be moot in light of the fact that plaintiff has been granted relief from the stay. However, I will entertain a renewed motion for stay if defendant's motion to dismiss is denied and Liberty's Canadian action against defendant proceeds.

## CONCLUSION

Plaintiff's Motion for Relief from Stay (doc. 25) and Liberty International Underwriters Canada's Motion to Intervene (doc. 11) are GRANTED. Defendant's Motion to Schedule Hearing (doc. 10) and Liberty's Motion and Amended Motion for Stay (docs. 13, 14) are DENIED. Plaintiff's Motion for Default Judgment (doc. 7) is STAYED pending resolution of defendant's pending motions.

Within eleven (11) days from the date of this Opinion and Order, defendant shall file supplemental briefing in support of its motions to set aside and to dismiss or notify the court if such motions are withdrawn. If defendant pursues its motions, the parties shall file supplemental responsive and reply briefing in accordance with Local Rule 7.1(e).

IT IS SO ORDERED.

Dated this __11_ day of October, 2007.

                     _____/s/ Ann Aiken_____
                          Ann Aiken
                United States District Judge