IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GREG WILBERGER, as Personal
Representative of the Estate
of BROOKE WILBERGER, decedent,

        Plaintiff,

    v.

CREATIVE BUILDING MAINTENANCE,
INC., a Delaware Corporation,

        Defendant.

Civ. No. 06-714-AA

OPINION AND ORDER

AIKEN, Judge:

    Before the court are defendant's motions to set aside the entry of default issued against it and to dismiss plaintiff's claims. The motion to set aside is granted, and the motion to dismiss is denied.

BACKGROUND

    Defendant Creative Building Maintenance, Inc. is a Delaware corporation wholly owned by a Canadian corporation of the same name, Creative Building Maintenance, Inc. (CBM Canada). Individuals identified by defendant as Periot and Cerney were the

1   - OPINION AND ORDER

sole officers of both defendant and CBM Canada.

On May 5, 2006, a Canadian bankruptcy/receivership action involving defendant and CMB Canada commenced.

On May 8, 2006, Doyle Salewski, Inc. was appointed as the receiver for defendant and CBM Canada.

On May 16, 2006, plaintiff filed suit against defendant, alleging negligence in hiring and supervising an employee who caused the death of the decedent, Brooke Wilberger.

On May 19, 2006, plaintiff served the summons and copy of the complaint on Corporation Services Company (CSC), the registered agent for defendant in Delaware.

On the same day, Periot and Cerney resigned from CBM Canada and defendant, leaving both without corporate officers.

On May 22, 2006, CSC shipped the summons and copy of complaint to Periot at CBM Canada.  On May 23, 2006, a customer service manager signed for the documents.  According to defendant, the manager was not authorized to manage legal affairs for CBM Canada or defendant.  During June and July 2006, plaintiff served CSC with various pleading and documents involving this case and sent them to CBM Canada via certified mail.  However, these documents were returned as undeliverable, and CSC subsequently sent them via regular mail.

On July 24, 2006, plaintiff moved for entry of default pursuant to Federal Rule of Civil Procedure 55(a).  Plaintiff

subsequently informed the court that a bankruptcy proceeding involving defendant had commenced in the Ontario Superior Court of Justice in Ontario, Canada.

On August 10, 2006, plaintiff served a copy of the summons and complaint on defendant's liability insurer, Liberty International Underwriters Canada (Liberty).

On August 11, 2006, I issued an entry of default against defendant, finding that the automatic stay provision of the United States Bankruptcy Code did not apply, because the Canadian bankruptcy proceeding was not brought under Title 11 of the United States Bankruptcy Code. When default was entered, I was unaware of Liberty's involvement or the resignation of defendant's corporate officers.

On October 25, 2006, defendant moved to set aside the entry of default and to dismiss plaintiff's claims, and on November 9, 2006, Liberty sought to intervene and to stay the case pending the Canadian bankruptcy proceeding.

On December 4, 2006, the court received notice that defendant had sought recognition of the Canadian bankruptcy proceeding in the United States Bankruptcy Court for the Western District of New York, and that the New York bankruptcy court had granted provisional relief that stayed any proceeding affecting defendant's assets. Accordingly, I entered a stay in this case on December 12, 2006.

3   - OPINION AND ORDER

On December 18, 2006, plaintiff sought relief from the bankruptcy stay issued by the New York bankruptcy court for the limited purpose of allowing plaintiff to pursue this action and recover damages from Liberty and any other insurance carrier. Plaintiff specifically stipulated that recovery of any judgment against defendant would be limited to coverage provided by relevant insurance policies.

On January 29, 2007, the New York bankruptcy court granted plaintiff's motion on condition that plaintiff withdraw the claim against defendant in the Canadian bankruptcy proceeding.

On May 23, 2007, plaintiff's counsel advised that plaintiff was willing to withdraw the claim in the Canadian bankruptcy proceeding.

On June 12, 2007, the Interim Receiver and Trustee in the Canadian bankruptcy proceeding confirmed that plaintiff's claim had been withdrawn and explained that withdrawal of the claim relinquished any right of the decedent's estate to participate in the distribution of defendant's assets.

On August 2, 2007, plaintiff moved for relief from the stay issued in this proceeding.

On October 11, 2007 I granted plaintiff's motion, lifted the stay in this proceeding, granted Liberty's motion to intervene, and ordered the parties to file supplemental briefing regarding defendant's motions to set aside the default and to dismiss.

4    - OPINION AND ORDER

DISCUSSION

A.  Motion to Set Aside Default

Defendant moves to set aside the entry of default pursuant to Federal Rule of Civil Procedure 55(c), which provides:  "For good cause shown, the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)."  Although the court did not enter default judgment, the principles underlying Federal Rule of Civil Procedure 60(b)(1) "are liberally interpreted" and applied to motions for relief from entry of default.  See Hawaii Carpenters' Trust Funds v. Stone, 794 F.2d 508, 513 (9th Cir. 1986).

Under 60(b)(1), a court may relieve a party from judgment based on mistake, inadvertence, surprise, or excusable neglect. "The discretion of the court is limited by three policy considerations.  First, because of the remedial nature of Rule 60(b), it must be liberally applied.  Second, because default judgments are disfavored, cases should be decided on their merits if possible.  Third[], so long as relief is timely sought, and there is a meritorious defense, any doubt should be resolved in favor of setting aside a default judgment."  In re Roxford Foods, Inc., 12 F.3d 875, 879 (9th Cir. 1993). Nonetheless, a district court may deny a motion to set aside, if:  1) the defendant's culpable conduct led to the default; 2) the defendant has no meritorious defense; or 3) the plaintiff would suffer prejudice if

5    - OPINION AND ORDER

the judgment is set aside.  In re Hammer, 940 F.2d 524, 525-526 (9th Cir. 1991).

Defendant argues that excusable neglect applies and that plaintiff's claims should be decided on the merits.  Specifically, defendant claims that it did not file a timely answer to plaintiff's complaint because Canadian receivership proceedings had commenced and it had no officers responsible for its legal affairs at the time it was served.  I agree that defendant's conduct falls within the parameters of excusable neglect.

"Excusable neglect" may apply to cases of negligence, carelessness, and inadvertent mistake.  See Briones v. Riviera Hotel & Casino, 116 F.3d 379, 381 (9th Cir. 1997).  The determination of whether neglect is excusable is an equitable one that depends on several factors, including:  1) the prejudice to the opposing party; 2) the length of the delay and its potential impact on the proceedings; 3) the reason for the delay; and 4) the movant's good faith.  Bateman v. United States Postal Serv., 231 F.3d 1220, 1223-24 (9th  Cir. 2000) (enumerating factors outlined in Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership, 507 U.S. 380, 395 (1993)).

Plaintiff argues that he will suffer prejudice if the entry of default is set aside, because defendant's assets have been compromised and discovery will be more difficult to obtain.  However, in seeking relief from the bankruptcy stay, plaintiff

6    - OPINION AND ORDER

represented to the bankruptcy court that he intended to pursue compensatory relief from defendant's insurer, Liberty, rather than defendant. Further, documents that previously were in defendant's possession are now in the possession of the Canadian receiver and presumably accessible, though plaintiff must obtain those documents from the receiver rather than defendant. Therefore, I find that plaintiff will not be prejudiced, aside from the general prejudice that is suffered when an entry default is set aside.

Next, defendant moved to set aside the default in a reasonably prompt manner, and the delay will not significantly impact the proceedings given the bankruptcy stay issued in December 2006.

Further, I do not find that defendant's culpable conduct led to the default, given that defendant was in the midst of foreign receivership proceedings when plaintiff filed suit, and defendant's corporate officers resigned prior to notice of the complaint. Plaintiff disagrees and maintains that service via CSC and receipt of the complaint and summons by CBM Canada's customer service manager constitutes effective service. However, the issue is not whether defendant was properly served but whether excusable neglect applies to defendant's failure to timely respond. I find that the commencement of foreign bankruptcy proceedings, appointment of a receiver, and the absence of corporate officers compromised defendant's ability to respond to plaintiff's complaint. Notably, the Canadian proceedings commenced before plaintiff's lawsuit.

7    - OPINION AND ORDER

Therefore, I do not find that defendant's culpable conduct led to the entry of default.[1]

Finally, I find that defendant has acted in good faith in seeking to set aside the default. Even though I find that defendant's motion to dismiss must be denied, defendant has raised defenses that could be meritorious at later stages of the proceedings. In sum, I find that the plaintiff has established "good cause" to set aside the entry of default within the meaning of Rule 55(c), and defendant's motion to set aside the entry of default is granted.

B. Motion to Dismiss

Defendant next moves to dismiss the claims alleged in plaintiff's complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), on grounds that the alleged harm was not a foreseeable result of defendant's actions.

Plaintiff alleges that defendant was negligent by hiring Joel Patrick Courtney with knowledge of his criminal history of sexual abuse or by hiring Courtney without checking his criminal record, by allowing Courtney access to a vehicle, and by failing to supervise Courtney. Plaintiff further alleges that Courtney

---

[1] Plaintiff also relies on the alleged "stripping" of corporate assets by Periot and Cerney as evidence of culpable conduct. However, Periot and Cerney resigned before defendant received notice of the summons and a copy of the complaint. Therefore, the alleged conduct of defendant's corporate officers cannot be attributed to defendant for purposes of this motion.

kidnaped, assaulted, and killed his daughter, the decedent Brooke Wilberger, while she worked at her job in Benton County, Oregon.

Defendant maintains that the harm suffered by plaintiff was not reasonably foreseeable under Buchler v. Oregon Corrections Div., 316 Or. 499, 853 P.2d 798 (1993) and Fazzolari v. Portland Sch. Dist., 301 Or. 1, 734 P.2d 1326 (1987).  However, at the pleadings stage, the court must rely solely on the allegations contained in the complaint.  See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007); Lee v. City of Los Angeles, 250 F.3d 668, 679 (9th Cir. 2001).  Plaintiff alleges that defendant's negligent hiring and supervision of Courtney resulted in Brooke Wilberger's death.  Whether Courtney's actions were reasonably foreseeable requires factual findings that I cannot make at this time.  Accordingly, the motion to dismiss must be denied.

## CONCLUSION

Defendant's Motion to Set Aside Default (doc. 8) is GRANTED, and defendant's Motion to Dismiss (doc. 9) is DENIED.  The Entry of Default against defendant (doc. 5) is HEREBY VACATED.  Plaintiff's Motion for Default Judgment (doc. 7) is DENIED as moot.

IT IS SO ORDERED.

Dated this ___18___ day of January, 2008.


                        /s/ Ann Aiken
                          Ann Aiken
                  United States District Judge